Chief Justice Robertson
delivered the opinion of the Court.
Summers having obtained a judgment against Crawford, before a justice, on a note for $50 in commonwealth’s paper. The latter appealed fo the circuit couit.
On a demand of oyer in the circuit court, it was ascertained that the note had been mislaid or lost., by the justice; and therefore, a judgment of non-suit was entered against Summers.
The bill in this case, was then filed, charging the foregoing facts; and thereupon, praying for a decree for the amount of the note.
Crawford admitted the material allegations, but denied. the jurisdiction of the chancellor;, insisted that *301 the judgment at law was a bar; and claimed a set-oil' for the amount of a small open account.
U, B. Chambers, for plaintiff; Lyle, for defendant.
After the bill was filed, hot before the decree was rendered, the note was found.
The court decreed that Crawford should pay to Summers $50, in notes of the bank of the commonwealth, and six per cent, interest thereon.
The judment of non-suit is no bar to the relief sought by the bill.
Nor did the finding of the note oust the cbancellor-of jurisdiction. As it is proved that the note was lost when the bill was filed, the chancellor had jurisdiction over the subject matter of the bill; and that jurisdiction, having once attached, could not be divested by any supervenient occurrence.
If the account were a fit subject for a set-off- in equity, the court ought not to have decreed the set-off", because there was no proof of the account.
The court did not err, therefore, in decreeing the $50 in commonwealth’s paper; but it erred in decreeing tlie interest.
Wherefore, the decree is reversed, and the cause remanded, with instruction to render a decree conformable to this opinion.
Each party must pay his own costs in this court.